**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THURSTON MYERS,<br><br>   Plaintiff-Appellant,<br><br> v.<br><br>THOMAS J. BROOKS, Sergeant; et al.,<br><br>   Defendants-Appellees,<br><br> and<br><br>JANE DOES, Brooks, Mason, Williams, Jensen,1-34; et al.,<br><br>   Defendants. | No.   19-35869<br><br>D.C. No. 2:18-cv-01043-RAJ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted April 20, 2021**

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

---

   *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Thurston Myers appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional violations arising from a search of his residence, seizure of property, and his arrest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Long v. City & County of Honolulu*, 511 F.3d 901, 905 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment for defendants Brooks and Mason on Myers's unlawful search, seizure, and false arrest claims because Myers failed to raise a genuine dispute of material fact as to whether the search of his property or his arrest lacked probable cause. *See Cameron v. Craig* 713 F.3d 1012, 1018 (9th Cir. 2013) (probable cause standard for search); *Beier v. City of Lewiston*, 354 F.3d 1058, 1064 (9th Cir. 2004) (probable cause standard for arrest); *see also Yousefian v. City of Glendale*, 779 F.3d 1010, 1014 (9th Cir. 2015) (the absence of probable cause is an essential element of a § 1983 false arrest claim).

The district court properly granted summary judgment on Myers's municipal liability claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), because Myers failed to raise a triable dispute as to whether any policy or custom of the City of Lynwood caused him to suffer constitutional injuries. *See Monell*, 436 U.S. at 690 n.55, 694-95 (municipal liability under § 1983 requires execution of policy or custom that inflicts plaintiff's constitutional injury).

2

To the extent Myers alleged a due process claim, the district court properly granted summary judgment because Myers failed to raise a triable dispute as to whether he lacked notice of the seizure of his property or an opportunity to be heard prior to forfeiture. *See* Wash. Rev. Code § 69.50.505(3), (5) (setting forth procedures for notice of seizure and intended forfeiture of seized property and reasonable opportunity to be heard upon written notice of a claim of ownership or right to possession); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003) (due process requires notice and an opportunity to be heard).

The district court did not abuse its discretion by striking the testimony of Myers's expert witness because Myers failed to comply with the requirements of Federal Rule of Civil Procedure 26(a). *See* Fed. R. Civ. P. 26(a)(2) (requirements for disclosure of expert testimony), 37(c)(1) (a party's failure to provide information or identify a witness as required by Rule 26(a), unless substantially justified or harmless, prohibits that party's use of the information or witness to supply evidence; *United States v. Morales*, 108 F.3d 1031, 1035 (9th Cir. 1997) (en banc) (setting forth standard of review).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

3